## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARDELL WALKER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SLOAT,** | ) | **Case No. 22-cv-1240-DWD** |
| **BELTZ,** | ) | |
| **M. TYNER,** | ) | |
| **BELFORD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Ardell Walker, Jr., an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). (Doc. 1). Plaintiff is now at Hill Correctional Center. Plaintiff claims that the defendants violated his rights because he was placed in a cell without a working light for 18 days. For reasons explained herein, Plaintiff's complaint will be dismissed for failure to state a claim.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on November 10, 2021, he was moved to a new cell that did not have a working light.  (Doc. 1 at 5).  Prior to his move, Defendant Sloat allegedly already knew the light did not work, but Plaintiff asked Sloat to put in a work order for the light anyways.  On the same day, Plaintiff informed Defendant Beltz that the light was not working.  On November 15, 2021, Plaintiff informed Defendant Tyner that the light had been out for almost a week.  The same night Plaintiff informed Defendant Belford that his light was not working.  Belford wrote down the complaint, but nothing happened.  Plaintiff alleges that he remained in the cell without a working light from November 10 through November 28, 2021.  Without a light he struggled to read letters, or magazines, or to write.  He alleges that incarcerated individuals have a right to a working light to read by, and that adequate lighting is a fundamental right.  Plaintiff submitted supporting grievance documentation.  As relief, Plaintiff seeks $7,000 dollars in compensatory damages.  (Doc. 1 at 7).

## Discussion

Plaintiff's complaint suffers from multiple defects, and for reasons explained below, he has failed to state a valid claim.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities."  *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).  In evaluating an Eighth Amendment claim, courts conduct both an

objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" such that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhoades v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *See e.g., Gills v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so. This is true when the deprivations have a mutually enforcing effect which produces the deprivation of a single, identifiable human need, such as food or warmth[.]" *Id.* at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834.

First, Plaintiff has not identified a condition that is 'sufficiently serious' such that it amounts to a deprivation of the minimal necessities of life. Plaintiff does not contend that he was left completely in the dark and unable to read, instead he merely alleges that it was difficult to read or write. The lack of light, standing alone, is not a sufficient deprivation to amount to a violation of the Eighth Amendment, even if it might be a sufficient condition when combined with other issues about a cell. *See e.g. Ybarra v. Neal*, 2021 WL 5741328 *2 (N.D. Ind. 2021) (finding that plaintiff who did not have a working light for two weeks, and was not in total darkness, did not allege a claim under the Eighth Amendment); *compare with Carson v. Beane*, 2022 WL 1288837 *2 (N.D. Ind. 2022) (finding

that Plaintiff had an Eighth Amendment claim for being housed in a dark cell, with urine, feces, and blood).

Second, even if Plaintiff identified a sufficiently serious condition due to the lack of a working light, he has not described deliberate indifference on behalf of the four named defendants. Plaintiff merely alleges that he told each defendant on a single occasion that his light was not working, but he does not allege that he followed up with any of these individuals such that it could be inferred that they purposefully ignored his needs. Plaintiff's allegations are not enough to show that the Defendants intentionally ignored him and did so in a reckless fashion.

Third, and finally, even if Plaintiff identified an Eighth Amendment violation, he has not identified any sufficient harm to warrant compensatory damages. Plaintiff does not identify any physical injury, so he can not recover damages for a physical injury. The Prison Litigation Reform Act requires a prisoner to prove physical injury to recover *compensatory* damages for emotional harm. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003); 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered a physical injury associated with any emotional harm, so he is ineligible for the compensatory damages he seeks. Although he could seek other forms of relief, such as injunctive relief, any such request would be moot because Plaintiff is no longer in the cell without lights. Thus, Plaintiff does not have a valid claim for damages.

In sum, Plaintiff's complaint will be dismissed in its entirety because he has failed to present factual or legal allegations sufficient to state a claim against any named defendant. Typically, the Court would afford the Plaintiff an opportunity to amend his

complaint, but here the Court does not believe an opportunity to amend is necessary because it is not apparent that Plaintiff could produce any set of allegations related to the underlying factual allegations that would be sufficient to state a claim based upon the identified legal theories.  The Court will dismiss Plaintiff's complaint for failure to state a claim.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

## <u>Disposition</u>

Plaintiff's Complaint will be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable regardless of the dismissal of this case.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The Court has received an initial payment of $36.87, which means that $313.13 are still due and owing.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the

entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this

case.

**IT IS SO ORDERED.**

Dated: October 31, 2022

_____
DAVID W. DUGAN
United States District Judge